# Bradish *versus* McClellan.

1. A testator, by an instrument termed a codicil to his will, made distinct bequests and devises, and further, referring to two former wills, the latter of which contained certain charitable bequests, provided that if he died within three calendar months of the execution of said latter will, the former should go into effect; otherwise, the latter should be his will. Testator died within three calendar months of the execution of the latter will,—*Held*, that the former will took effect, and that the codicil was to be considered as part thereof.

2. Said codicil did not fall with the latter will, and the legatees and devisees therein named were therefore entitled to the benefits conferred upon them thereby.

May 9th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Cumberland county* : Of July Term 1882. No. 45.

Ejectment, by Robert C. Bradish against Virginia H. McClellan, for a tract of land in Cumberland county, containing six acres. Plea, not guilty.

Trial by jury being waived, the case was tried before Mor-row, P. J., whose findings of fact and conclusions of law were as follows:

Both parties claim under James Hamilton, who resided at Carlisle, and who died there testate, January 23d 1873. He was possessed of a large estate, consisting of real and personal prop-erty, and on the 20th day of November, 1871, he executed a writing purporting to be his last will and testament and marked " A " by him. On the 13th day of January, 1873, he executed another writing of similar import, which he marked " B." In and by virtue of both, he made disposition of his entire estate, inter alia, by bequests and devises to charitable and religious uses. By both, the plaintiff was made residuary devisee, which residuum included the land in dispute. On the —— day of January 1873, Mr. Hamilton executed another paper, which he styled " codicil to my last will and testament." It contained bequests and devises to certain persons, not named in either of the former writings, and inter alia, as follows:

" 2. I give and devise to Miss Virginia McClellan, the six-acre field on the Carlisle Springs Road, North Middleton town-ship, Cumberland county, about half mile north of Carlisle, to her and her heirs in fee simple." This is the land in dispute in this suit.

The sixth item of the codicil is in the following words:

" 6. Whereas, There is an act of Assembly rendering void all eleemosynary bequests and devises, if not executed in a cer-tain number of days before the decease of the testator : And whereas, I executed a will dated the twentieth day of Novem-ber A. D. 1871, Now, I, James Hamilton, the testator, declare said will of 20th of November 1871, marked ' A,' to be my last will and testament, should I die before the first of March, 1873, otherwise the will of the 13th of January, 1873, shall be, and is hereby declared to be my last will. Witness my hand and seal this —— day of January 1873. JAMES HAMILTON."

This codicil was written on a separate piece of paper. It and the two wills were connected together after his decease, and all the three were admitted to probate, January 29th 1873, by the register of wills in and for the county of Cumberland, as the last will and testament of James Hamilton. In the case of Bradish's appeal, 24 Smith · 69, the writing of November 20th 1871, was held to be his last will, and the controversy now is whether the codicil is a supplement to it, or to the writing of January 13th 1873.

[Bradish *v.* McClellan.]

Both wills and the codicil are in the handwriting of the testator; the wills only are witnessed, but there are no subscribing witnesses to the codicil.

That a will and codicil are one instrument and to be construed together is elementary, and no authority need be cited to prove. The only question in this case is, to which will does this codicil belong? The testator called it " codicil to my last will and testament," and by its own terms as expressed, in the sixth item, he was unable to say or know himself, which of the papers would be his last will. The intention of the testator is the true rule of construction, and must be given effect if possible. It is evident, he intended the gifts for the charitable and religious uses to stand, even at the sacrifice of his will as expressed in the writing of January 13th 1873. His health was failing— " pallida mors pulsat "—death was near his door, and fearing the last mentioned paper would be held to be his last will, and his gifts of charity fall, he drew his codicil and by it provided, if he did not live until the first day of March following, his will of November 20th 1871, " shall be my last will and testament." When he made the devises and bequests in the codicil, he had it in his mind to create the contingency contained in the sixth item. The objects of his bounty, named in three first clauses of the codicil, had not been before provided for. Whichever will proved to be his last will, his last expressed intention was. that they should have what he then gave them. The will of January 13th is spoken of as something distinct from the codicil, is treated by him as a will only in a contingency, and hence it cannot be supposed that he intended the codicil to be a part of a paper which he looked upon as a possible nullity. " Sometimes a codicil revokes, by implication, the posterior of two wills, by expressly referring to, and recognizing the prior one as the actual subsisting will of the testator." 1 Jarman, *189. Here both wills are expressly recognized and the testator expressly declares which, in a certain contingency, shall be his. last will. " Every codicil is a constituent part of the will to which it belongs." Id. *190. How can we ascertain better to which it belongs, than by taking the declarations in the codicil itself? As already stated, the testator calls it " codicil to my last will and testament," but he defines in the sixth clause what he means by that, and points out the instrument with certainty. To hold that the codicil belongs to an instrument, which he intended only to take effect in case of a contingency which never happened, would be opposed to what, in apt words, he declares his intention to be. And what gives additional force to this construction is, the codicil contains his last declarations of intention. It is evident it was written at a time subsequent to January 13th 1873 ; for it refers to the second will by date—

indicates a state of mind and purpose that did not then exist, and I think it is safe to say, from an inspection of the codicil itself, both wills were before him when it was executed; and when he executed it, he did not know whether will "A" or will "B" would be proved as his will; and if he intended the codicil to be a part of the former will in one contingency, and a part of the latter, in another contingency, what prevents such intention from having its proper effect? I think such was clearly his intention.

But it is claimed that Bradish's Appeal, 24 Smith 69, controls this case, because it is there said, "the codicil and the will of January 13th 1873, are one instrument, and must be construed together, that the codicil was manifestly intended to be a part of the latter, and the sole purpose of the sixth item, was to convert what would otherwise have been an absolute, into a conditional will." But the question before the court was, whether the gift to the Second Presbyterian Church of Carlisle was void, by the Act of April 26th, 1855, which forbids such gifts within one month of the testator's decease, and to decide that question, the court had to determine whether the will of November 20th 1871, or the one of January 13th 1873, under the contingency in the codicil, was Mr. Hamilton's last will. Mr. Justice WILLIAMS, arguendo, held the codicil was a part of the second will and fell with it, but remarked, "there is no pretence that the codicil was intended as an addition or supplement to the prior will." It did not matter in that case whether it was or not. That question was not before the court. The parties claiming under the codicil were not heard, and what the court said was not an adjudication of their right. Whether the codicil was part of the first or second will was not material. It contained enough to make the first will operative, and the last a nullity, and that was all that was decided in Bradish's Appeal, at least, it so appears to me.

The conclusion therefore is, that the codicil is a part of Mr. Hamilton's last will, and that the plaintiff cannot recover.

Judgment was accordingly entered for the defendant.

The plaintiff thereupon took this writ of error, and filed the following assignments of error, viz:

1. The court erred in the conclusion that the codicil was part of the will dated November 20th 1871.

2. The court erred in the conclusion that the codicil was not part of the will dated January 13th 1873.

3. The court erred in entering judgment for the defendant, and in not entering judgment for the plaintiff.

*John Hays* and *Stuart & Stuart*, for the plaintiff in error. —The question here involved was considered and settled in

[Bradish v. McClellan.]

Bradish's Appeal, 24 P. F. S. 69, in which these same wills and the codicil were construed by this court, and it was said in the opinion of the court, per WILLIAMS, J.:—" It is true that the codicil has no other date than that of the month and year, but in the absence of all evidence as to the precise time of its execution, the presumption is that it was executed at the same time with the paper of which it was intended to be a part. But whether executed at that time or on a subsequent day, its effect on the paper is the same. It is an addition or supplement to it, and the whole must be construed together as one instrument. . . . . . There is no pretence that the codicil was intended as a supplement or addition to the prior will. It was manifestly intended to be a part of the latter will, and the sole purpose of its sixth item was to convert what would otherwise have been an absolute into a conditional will. It changed the character of the instrument and prevented it from operating as a revocation of the former will."

In view of that decision, the ruling of the court below can stand only by carving the codicil into two parts, tacking one part to the will of November 20th 1871, and the other to the will of January 13th 1273, which we submit is an impossibility.

*S. Hepburn, Jr.*, for the defendant in error.—The question raised in Bradish's Appeal, 24 P. F. S. 69, did not touch the validity of this codicil. That case grew out of a contest between a charity and the residuary legatee. Both parties conceived it to be to their interest to treat the codicil as an integral part of the conditional will. The legatees and devisees named in the codicil were not represented.

The dicta in the opinion of WILLIAMS, J., cited on the other side, are not sound. The codicil must have taken effect, no matter which of the two wills was operative. The fallacy in the plaintiff's argument is in treating the conditional will of Mr. Hamilton as his last will. It is not his will at all. This codicil is headed—" Codicil to my last will and testament." What he meant by this he says in his own words in the last clause: "If I die before a certain date then the paper marked 'A' and dated November 20th 1871, shall be my last will and testament; if I die after that date then the paper of Jan. 13th 1873, shall be and is my last will." Here is a definition by himself of the meaning of the heading of the codicil. It can be incorporated as well with the one as with the other, when the event happens that shall determine which is to be the will, as defined by the testator. To carry out the intentions of the testator it is necessary to make it a part of the will which is proved as such. He expressly declares both wills to be conditional; and the codicil applies to the one as much as to

the other.  No rule of law or policy forbids a man to make a codicil valid as a part of any one of a number of instruments, which he may describe in it, and which he shall direct to be proved as his will, subject to contingencies, which he names in the codicil.  A codicil may revoke by implication the posterior of two wills by expressly referring to, and recognizing the prior one: 1 Jarman * 189.  How much stronger the reason for "making it belong" to that one to which the testator expressly declares it shall belong.

Mr. Justice MERCUR delivered the opinion of the court, October 2d 1882.

This contention relates to the will of James Hamilton, who died January 23d 1873.  On November 20th 1871 he executed a writing purporting to be his last will and testament.  On January 13th 1873 he executed another of similar import, in which he made a charitable bequest differing from one in the first will.  On the —— day of January 1873 he executed a third writing purporting to be a "Codicil to my last will and testament." It was not written on the same piece of paper on which either of the former was written, nor was it attached thereto.  It gave bequests and devises to persons not named in either of the former writings, and, inter alia, devised the land in question to the defendant.  It proceeded to recite and declare, "whereas there is an Act of Assembly rendering void all eleemosynary bequests and devises, if not executed in a certain number of days before the decease of the testator: and whereas I executed a will dated November the 20th 1871:   Now I, James Hamilton, the testator, declare said will of November 20th 1871, marked A, to be my last will and testament, should I die before the 1st of March 1873, otherwise the will of the 13th of January 1873 shall be and is hereby declared to be my last will."

After the death of the testator the three writings were connected together, and all of them admitted to probate.  As he died before the first of March the writing of January 13th did not take effect as a will: Bradish's Appeal, 24 P. F. Smith 69.  The question now is, did the codicil become inoperative and fall with that writing or did it become a supplement to the will of November 20th 1871?  Although a subsequent will without a revoking clause will repeal a prior will, yet it does not preclude a testator by appropriate writing from reinstating the prior one.  A codicil may revoke by implication the posterior of two wills, by expressly referring to, and recognizing the prior one as the actually subsisting will of the testator: 1 Jarman *189.  Here the codicil does not stop with an implication.  With both wills in his mind, he refers to each distinctly, and in unmistakable language the testator declares,

[Commonwealth, to use of Weaver *v.* Steacy.]

in a certain contingency the earlier one to be his last will and testament. That contingency occurred.

When the testator executed the codicil, he was uncertain which of the former writings would take effect as his will. It depended on the contingency of his dying before the time specified. There however was no contingency stated in regard to the codicil. There was no intimation that it should not take effect in either case. The clear intent was that it should have full effect and attach itself to whichever writing became operative as a will. The codicil was to become a part of that writing, and the two constitute the whole will. Any presumption that the codicil and the writing of January 13th were both executed at the same time, is clearly rebutted by the reference in the codicil to the latter as a writing then existing.

The conclusion to which we have come is not in conflict with the point decided in Bradish's Appeal, supra, properly understood. The main question there was whether effect should be given to the writing of November 1871 in regard to charitable bequests therein. They were held to be valid. No person claiming under the codicil was a party to that issue. Hence the rights of the defendant were not there discussed nor decided. There is a *dictum* in the opinion as to the intent of the codicil, to which we cannot agree. We cannot therefore hold that sufficient to defeat the title which we think the defendant so clearly took under the codicil, to the land in question. The learned judge correctly held that the plaintiff could not recover.

Judgment affirmed.