## Conrad's Estate.

Argued March 25, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*W. Curtis Truxal*, with him *Joseph Levy*, for appellant.

*E. Russell Shockley*, Deputy Attorney General, with him *Frank A. Orban, Jr.*, and *Claude T. Reno*, Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, April 14, 1941:

This is an appeal from the decree of the court below sustaining the assessment of a transfer inheritance tax upon the corpus of an irrevocable trust created by Rufina B. Conrad in her lifetime.

Anna M. Conrad, Rufina's sister, died April 17, 1928, leaving a will, in which she gave her residuary estate to Rufina for life and the remainder to certain named charities. As the will had been executed but three days prior to her death, the gifts to the charities were void and Rufina, the sole heir at law, became vested with

the entire estate: Act of June 7, 1917, P. L. 403, Section 6, 20 PS Sec. 195. Realizing that her sister's gifts to charity had failed and desiring to carry out her intention, Rufina executed a deed of trust on May 3, 1928, before an inventory or account had been filed in her sister's estate, under which she transferred irrevocably securities of a value of $12,000 (the amount she estimated to be the value of Anna's residuary estate) to the Somerset Trust Company, in trust, the income to be paid to her for life and at her death the corpus to be distributed to named charities.

The court below properly held the corpus of the trust subject to tax. At Anna's death, Rufina became vested with a fee in the entire estate, by reason of the merger of the life estate, which she took under the will, and the remainder, which she took by reason of the intestate laws: *Arnold's Est.*, 249 Pa. 348, 94 A. 1076; *Moore v. Gilbert*, 287 Pa. 102, 134 A. 462. Such being the case, in the deed of trust she was disposing of her own property. Having reserved a life estate, the corpus is subject to tax as a gift intended to take effect in possession and enjoyment after death under Section 1 (c) of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS Sec. 3301; *Leffmann's Est.*, 312 Pa. 236, 167 A. 343; *Husband's Est.*, 316 Pa. 361, 175 A. 503; *Com. v. Linderman's Est.*, 340 Pa. 289, 17 A. 2d 397.

Appellant's position is that Rufina by reason of the execution of the deed of trust "waived" her rights under the intestate laws to the void remainders and that, as a result, there was never a vesting in her of the remainders nor a merger of the estate. It is contended that the securities passed to the charities by virtue of Anna's will and as property of her estate upon which the full inheritance tax had been paid. This position is not tenable.

The securities transferred to the Trust Company were the individual property of Rufina as she expressly acknowledged in her account as executrix of her sister's

454

estate. The execution of the deed of trust was, in itself, an act of acceptance and an exercise of dominion over those securities formerly belonging to Anna which were included in the corpus. Moreover, in creating the trust, Rufina substituted some of her individual securities for those which she took by inheritance. Furthermore, the charities for which gifts in remainder were provided in the trust deed were not precisely the same as those designated in Anna's will, nor were the amounts to be received by the respective beneficiaries the same.

Even if it had been the fact that all of the securities used to create the trust were those which Rufina received from her sister's estate, they could have passed to the donees only through her exercise of dominion over them. Had she renounced the inheritance, it would have passed, not to the charities, but to the decedent's next of kin, or to the State by escheat: *Arnold's Est.,* supra.

The decree of the court below is affirmed; costs to be paid by the Estate.