ESTATE OF MELUSINA H. VARICK, DECEASED, FIRST NATIONAL TRUST AND SAVINGS BANK OF SANTA BARBARA, EXECUTOR AND TRUSTEE, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10567.    Promulgated February 18, 1948.

*Walter L. Nossaman, Esq.*, for the petitioner.
*E. A. Tonjes, Esq.*, for the respondent.

320

### OPINION.

Kern, *Judge*: The question presented herein is whether all or only a part of amounts of the interests in decedent's residuary estate purportedly bequeathed to the three charitable or educational corporations or associations by decedent's will are deductible from the value of decedent's gross estate pursuant to the provisions of section 812 (d) of the Internal Revenue Code.

Respondent has determined that "under the provisions of the Probate Code of California, only one-third of this decedent's residuary estate passed to the charities named in her will  *  *  *  and that the excess thereof, $109,673.66, claimed as a deduction in decedent's estate tax return, is not an allowable deduction in computing decedent's estate for purposes of estate tax thereon." On brief respondent supports this determination by the following argument: The charitable bequest of decedent in excess of one-third of her

estate were void under the provisions of sections 41, 42, and 43 of the California Probate Code;[1] in so far as the charitable bequests were void, the charities named in the will did not receive anything pursuant thereto from decedent; the surviving husband of the decedent, in fact and in law, received the bequests (in excess of one-third of the residuary estate) purportedly made to the charities by decedent's will; and it was through him and not through the decedent that the charities received the amounts disallowed as deductions from the gross estate.

It is apparent from this statement of respondent's argument that its validity depends on the correctness of his first proposition, i. e., that the charitable bequests of decedent in excess of one-third of her estate were void under California law. See *Watkins* v. *Fly*, 136 Fed. (2d) 578; certiorari denied, 320 U. S. 769; *Estate of William A. Carey*, 9 T. C. 1047; *Estate of Dudley S. Blossom*, 45 B. T. A. 691; *First National Bank of Atlanta*, 36 B. T. A. 491; affd., 102 Fed. (2d) 129; *Dimock* v. *Corwin*, 99 Fed. (2d) 799; *Humphrey* v. *Millard*, 79 Fed. (2d) 107; *Dumont's Estate* v. *Commissioner*, 150 Fed. (2d) 691, reversing 4 T. C. 158.

We are convinced that the bequests in question were not void under the California statutes, but were merely voidable. Our reasons for this

---

[1] § 41. *Restrictions.* No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least thirty days before the death of the testator. If so executed at least thirty days before death, such devices [*sic*] and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected. [Enacted 1931; amended by Stats. 1937, ch. 480.]

§ 42. *Exemption of certain donees from restrictions.* Bequests and devises to or for the use or benefit of the State, or any municipality, county or political subdivision within the State, or any institution belonging to the State, or belonging to any municipality, county or political subdivision within the State, or to any educational institution which is exempt from taxation under section 1a of Article XIII or section 10 of Article IX of the Constitution of this State and statutes enacted thereunder, or for the use or benefit of any such educational institution, or to any corporation organized under the provisions of section 606 of the Civil Code or made by a testator leaving no spouse, brother, sister, nephew, niece, descendant or ancestor surviving by whom the property so bequeathed or devised would have been taken if said property had not been so bequeathed or devised, are excepted from the restrictions of this article. [Enacted 1931; amended by Stats. 1937, ch. 479.]

§ 43. *Exemption of certain donors from restrictions.* Nothing in this article contained shall apply to bequests or devises made by will executed at least six months prior to the death of a testator who leaves no spouse, child, grandchild or parent, or when all of such heirs, by a writing executed at least six months prior to his death, shall have waived the restriction. [Enacted 1931.]

conclusion may be summarized as follows: First, the restrictions by the California statute on bequests to charity were not intended as a declaration of public policy as in a mortmain statute, but were intended as a protection of heirs at law. *In re Broad's Estate*, 20 Cal. (2d) 612; 128 Pac. (2d) 1; *Mead* v. *Welch*, 95 Fed. (2d) 617. Second, the legislative history of the statute in question indicates that at the time of decedent's death it was not intended that such bequests should be considered void. Section 41 of the California Probate Code was originally section 1313 of the Civil Code. As the latter was first enacted, it provided that a testamentary disposition to charity of more than one-third of the testator's estate should be void. This provision was eliminated by an amendment in 1937 and the statute thereafter read, and reads, as quoted. Third, various opinions of California courts indicate that the statute is to be construed as making such bequests voidable rather than void. *In re Dwyer's Estate*, 159 Cal. 680; 115 Pac. 242; *In re Cottrill's Estate*, 65 Cal. App. (2d) 222; 150 Pac. (2d) 214; *In re Estate of Lingg*, 71 Cal. App. (2d) 403; 162 Pac. (2d) 707; *In re Broad's Estate, supra; In re Davis' Estate*, 74 Cal. App. (2d) 357; 168 Pac. (2d) 789. While the precise question was not squarely decided in these cases, the language and tenor of the opinions is unmistakably to that effect. When the California cases are contrasted with the Pennsylvania decisions discussed by us in *Estate of William A. Carey, supra*, the difference of the judicial construction of essentially different statutes is apparent. Fourth, the decree of the California court having jurisdiction over the administration of decedent's estate which ordered the distribution of its assets pursuant to decedent's will is persuasive evidence of the law of California on this question, even if we assume, *arguendo*, that the decree is not conclusive in this litigation.

The charitable bequests of decedent in excess of one-third of her estate were voidable by her heirs. No steps were taken by them to render the bequests invalid, but, on the contrary, they gave explicit or tacit consent to the distribution of decedent's estate pursuant to the terms of her will. Therefore, the full amount of the interests bequeathed by decedent to the three charities here involved passed to them from decedent under her will and is deductible from her gross estate. On this issue we decide in favor of petitioner.

Since the stipulation filed herein sets out certain expenses incurred or to be incurred by petitioner which are deductible in determining the amount of estate tax liability,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

OPPER, *J.*, did not participate in the consideration of or decision in this report.

DISNEY, *J.*, concurring: I concur in the result, but, as to the portion of the charitable bequests which might have been claimed by the sister, it seems to me that we should place the matter upon the simple ground that the judgment of the probate court distributing the charitable bequests in accordance with the will, being unappealed from and without collusion, was determinative that the property passed by the bequests under the will. Unlike the decedent's husband, she filed nothing by way of disclaimer or waiver; therefore the judgment of the court as to her could not have been based upon waiver or disclaimer, and was, in distributing the property as bequests, necessarily based upon the will. That the judgment was in a nonadversary proceeding is not important. *Charles S. McVeigh*, 3 T. C. 1246. Mere failure to appeal is obviously no reason to think there was collusion.