ESTATE OF LENA L. RIDDLE, DECEASED, GIRARD TRUST COMPANY, EXECUTOR, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33876. Promulgated March 31, 1954.

*Pierce A. Hammond, Jr., Esq.*, for the petitioner.
*Jules I. Whitman, Esq.*, for the respondent.

## OPINION.

LeMire, *Judge:* The question presented is whether petitioner's decedent made a valid charitable bequest under Pennsylvania law so as to entitle petitioner to a deduction in estate tax under section 812 (d) of the Internal Revenue Code.[2] The Pennsylvania statute,[3] applicable to the instant proceeding, provides that bequests for religious or charitable uses made by will executed less than 30 days prior to the testator's death "shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law."

The decedent's second will executed on December 18, 1946, contained an express clause revoking all former wills, and was a complete will within its own four corners, was free from ambiguity and required no reference to a prior will. Under such circumstances it is well settled that the 1946 will absolutely revoked the 1945 will. *In re Gray's Estate*, 365 Pa. 411, 76 A. 2d 169; *In re Burtt's Estate*, 353 Pa. 217, 44 A. 2d 670; *In re Hartman's Estate*, 320 Pa. 321, 182 Atl. 234; *In re Ford's Estate*, 301 Pa. 183, 151 Atl. 789.

[2] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—
 * * * * * * *
(d) TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES.—The amount of all bequests, legacies, devises, or transfers (including the interest which falls into any such bequest, legacy, devise, or transfer as a result of an irrevocable disclaimer of a bequest, legacy, devise, transfer, or power, if the disclaimer is made prior to the date prescribed for the filing of the estate tax return or, in the case of a decedent dying on or before October 21, 1942, if the disclaimer is made prior to September 1, 1944), to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * *

[3] 20 Purdon's Penna. Stat. Ann., sec. 195:
*Charitable bequests or devises; requisites*
No estate, real or personal, shall be bequeathed or devised to any body politic, or to any person in trust for religious or charitable uses, except the same be done by will at least thirty days before the decease of the testator, which period shall be so computed as to exclude the first and to include the last day thereof; and all dispositions of property contrary hereto shall be void and go to the residuary legatee or devisee, heirs or next of kin, according to law. 1917, June 7, P. L. 403, § 6; 1935, July 2, P. L. 573, § 1; 1939, May 16, P. L. 141, § 1.

The decedent died December 25, 1946, less than 30 days after executing her will of December 18, 1946. The bequest to the Red Cross contained therein was therefore void by operation of law, and the charity takes nothing even though the bequest to it contained in the second will was identical with that contained in the revoked 1945 will. *In re Hartman's Estate, supra; In re Hoffner's Estate*, 161 Pa. 331, 29 Atl. 33; *Price* v. *Maxwell*, 28 Pa. 23 (1857). Accordingly, had the decedent died between the time she executed her second will on December 18 and her codicil on December 20, 1946, the bequest to the Red Cross would have been void.

Petitioner contends that as a result of the codicil executed on December 20, 1946, the absolute revocation of the 1945 will contained in the 1946 will was transformed into a conditional revocation and, since the condition of survival for 30 days was not fulfilled, the revocation clause of the 1946 will never became operative. In support of this contention petitioner relies on *Hamilton's Estate*, 74 Pa. 69 (1873), and *Bradish* v. *McClellan*, 100 Pa. 607 (1882).

We are of the opinion that the case before us is distinguishable on its facts from *Hamilton's Estate, supra*, and *Bradish* v. *McClellan, supra*. Furthermore, the rationale underlying those cases appears to have been repudiated by later Pennsylvania decisions. *In re Gray's Estate, supra; In re Burtt's Estate, supra*. See also *In re Ford's Estate, supra*. We think the settled rule is that a will complete on its face and not requiring reference to a prior will, containing inconsistent provisions as well as an express clause of revocation, revokes the prior will and the latter cannot be made effective as of the date of its execution by a later codicil to the second will. *In re Hartman's Estate, supra; In re McClure's Estate*, 309 Pa. 370, 165 Atl. 24; *In re Melville's Estate*, 245 Pa. 318, 91 Atl. 679; and *Price* v. *Maxwell, supra*.

Petitioner further contends that even if the 1946 will revoked the 1945 will the codicil and the 1945 will must be read together, and that if it was the intention of the decedent that the date of republication be the date of execution of the 1945 will, then such intention is controlling. Such rule may be controlling as to the effect of the codicil of an existing valid will to which it is a codicil. *In re Spangenberg's Estate*, 359 Pa. 353, 59 A. 2d 103; *In re Hartman's Estate, supra; In re Bingaman's Estate*, 281 Pa. 497, 127 Atl. 73; *In re Edward's Estate*, 254 Pa. 159, 98 Atl. 879. Here, however, the codicil of December 20, 1946, was not to the 1945 will but rather, by its own terms, a codicil to the 1946 will. At the time the codicil was executed the first will was revoked, null and void, and depended upon the execution of the codicil to the 1946 will for its existence and validity under the doctrine of republication. The charitable bequest effected by the codicil to the 1946, will, having been executed within 30 days before death, was also

null and void as a result of the Pennsylvania statute. The combination of these two nullities cannot effect a valid charitable bequest. If without the codicil there would have been no gift or bequest, since clearly the gift under the 1946 will was void, the conclusion is inescapable that the gift was made by the codicil and is, therefore, void. *Kuntz's Estate,* 77 Pa. D. & C. 337 (1950).

Accordingly, we hold that the bequest to the Red Cross, being void under Pennsylvania law as having been made less than 30 days before death, is not allowable as a deduction in estate tax under section 812 (d) of the Internal Revenue Code. *Estate of William A. Carey,* 9 T. C. 1047, affd. 168 F. 2d 400; *Lancaster Trust Co., Executor,* 3 B. T. A. 298; and *Selig* v. *United States,* 73 F. Supp. 886, affd. 166 F. 2d 299. Such a bequest is void and not merely voidable. *Estate of Melusina H. Varick,* 10 T. C. 318, and *Estate of William A. Carey, supra.*

*Decision will be entered for the respondent.*