CHASEZ, Judge.
This suit is the result of an opposition to the final account filed by Mrs. Mary Mul-queeny Prieto, forced heir to the succession, contesting the disposition of revenues of certain homestead accounts belonging to the estate of Thomas Charles Mulqueeny. Mrs. Anna Elizabeth Early, executrix and particular heir of whatever remains in the homestead accounts, has presented argument on behalf of the proposed final account. The contested revenues have been accruing since the date of decedent’s death, and by July 1, 1966 they had amounted to $13,301.-64. Mrs. Mary Mulqueeny Prieto claims a portion of these revenues as they represent interest on certain property of which she is seized as forced heir. Mrs. Early, the executrix, opposes this claim asserting that once the estate is fixed at the date of death, then the accrual of fruits or revenues beyond that date must be excluded as never having belonged to the decedent. After a trial on the merits the district court maintained the opposition to the final account and declared Mrs. Mary Mulqueeny Prieto owner of $8,-867.43 as interest to July 1, 1966, together with whatever interest said sum may have earned from July 1, 1966 until paid. From this judgment Mrs. Early has appealed seeking a reversal and Mrs. Mary Mulqueeny Prieto has also appealed to increase the amount of the judgment to the amount she originally prayed for.
The facts on which this contest is founded may be rather briefly stated, but we should note for sake of completeness that this is the third time these two parties have been before this court in litigation of issues arising from the Succession of Thomas Charles Mulqueeny. See decision of the Court of Appeal reported in 156 So.2d 317, Writs denied 245 La. 92, 93, 94, 157 So.2d 234 and in 172 So.2d 326. The Supreme Court granted writs in the second case and remanded the case to the district court ordering a reduction of excessive donations to pay the debts and satisfy the legitime of the legal heir. See Succession of Mulqueeny, 248 La. 659, 181 So.2d 384. In accordance with this judgment, the executrix filed a final account and disposed of the succession property except for revenues accruing on the homestead stock which were retained in the homestead accounts to be ultimately distributed to herself as particular legatee of whatever remained in the homestead accounts. With this aspect of the final account Mrs. Mary Mulqueeny Prieto has taken issue, averring that a certain proportion of these revenues belong to her as they have accrued on property which makes up the legitime. Applying the civil law doctrine of Le Mori saisit le vif, she claims that these revenues should be distributed to her as forced heir to the succession, and she prays that the final account should allow her to receive approximately 70% of the revenues, or a sum of $9,354.51.
The district court maintained the opposition to the final account as stated before, but decreed Mrs. Mary Mulqueeny Prieto owner of a sum of $8,867.43, the portion of the revenues due her as calculated by the court. Mrs. Prieto appealed this judgment and reasserts her reasons for the larger sum as originally prayed for. The question then on appeal concerns not only the disposition of the revenues accruing to the succession property, but also the calculation of the forced .heir’s share should the restoration of fruits by the district court be affirmed. Therefore, the right of Mrs. Prieto to be decreed owner of these revenues must be determined before any proportionate restoration may be calculated.
The executrix has instituted this appeal on the basis of two issues of law. Her first argument states that interest should not be allowed by a judgment unless the same has been expressly claimed and then only in cases in which the law permits such interest to be stipulated. See LSA CCP 1921. The second aspect of her appeal involves the question of whether dividends accruing to Homestead stock after decedent’s death should be included in the legitime of the forced heir. See LSA CC 1505.
*218 In answer to these two arguments we first refer to the judgment of the Supreme Court in Succession of Mulqueeny, 248 La. 659, 181 So.2d 384 which remanded the case to the district court to reduce the excessive donations in order to satisfy debts and pay the legitime of the forced heir The mandate of the court is stated as follows:
“[9] Inasmuch as the entire estate was disposed of by legacies, none of which is entitled to preference by declaration of the testator, and as these dispositions exceed the disposable portion, all legacies, save those of certain objects, must be reduced pro rata to pay the debts and satisfy the legitime. La.Civil Code arts. 1511, 1512 and 1635.
Succession of Mulqueeny, supra, 181 So.2d at page 389.
This reduction of course, was complied with except that the dividends which had accrued to the homestead stock were not made a part of the disbursement to the forced heir, but were retained in the succession to be finally delivered to Mrs. Early as particular legatee of those homestead funds remaining.
The Louisiana Civil Code carefully defines the manner of reduction of dispositions inter vivos or mortis causa in articles 1502-1518. Mrs. Early relies on Article 1505 of this section to assert that the estate from which the disposable quantum is calculated does not include interests and revenue accruing to the estate after the date of death as this property never belonged to the decedent. See also Planiol, Treatise on the Civil Law, Vol. 3, Part 2, Nos. 3084-3086.
With this statement we agree, but it is not responsive to the question posed before us. The legitime to which Article 1505 refers has been fixed, and what now must be lawfully disposed of is the rights to fruits and revenues of certain property which is included in this legitime. Pertinent to this disposition is Article 1515 of the Civil Code which defines what interests must be restored in the reduction of excessive donations.
Article 1515 provides:
“The donee restores the fruits of what exceeds the disposable portion only from the day of the donor’s decease, if the demand of the reduction was made within the year; otherwise from the day of the demand.”
Therefore, the testamentary donees to the Succession of Mulqueeny shall according to the above quoted article restore the fruits of that which exceeds the disposable portion as well as the property itself. See Planiol, Treatise on the Civil Law, Vol. 3, Part 2, No. 3113. As article 1505 is exclusively relied on to define the estate from which the excessive donations must be reduced, then the executrix shall also abide by the terms of article 1515 of the same section of the Code which provides for the restoration of fruits in this reduction process. It should be further noted that the original demand for reduction was made well within one year of the donor’s decease, and therefore the fruits are to be restored from the day of the donor’s decease.
The second argument proposed by the appellant is similarly lacking in merit. The appellant states that since Mrs. Mary Mul-queeny Prieto has not prayed for interest in her appearances before, either in the Court of Appeal or the Supreme Court, then none should be awarded. Article 1921 of the Code of Civil Procedure which is relied on as a basis for this argument, defines interest allowed by the judgment as follows:
“The court shall award interest in the judgment as prayed for or as provided by law.”
We are constrained to conclude that article 1921 of the Code of Civil Procedure and the jurisprudence cited as supporting appellant’s assertion do not serve as authority to prohibit the restoration of fruits in the demand for reduction. Avoiding the *219 ultimate decision of whether LSA CCP 1921 should govern interest as represented by the fruits of property which is reduced to establish the legitime, we hold simply that if it should apply, the terms of the article are sufficiently broad to allow for the legal provisions of Article 1515 of the Civil Code.
Interests as included under the title of fruits of succession property which must be restored to the legal heir is based on seizen as provided for in Article 940 et seq. of the Civil Code, and the right to interest or revenue accruing to this property stems from the time reduction is demanded as provided in the substantive law. See Comment (c) LSA CCP 1921. Thus, whether it is prayed for or not, the restoration of fruits is necessarily provided for by law in the demand for reduction. The legal heir may of course lose these rights by failing to make a timely demand for reduction, but there is no codal implication that a separate demand for fruits or interest need be made. We conclude therefore that the interest accruing to homestead stock is provided for by law when this interest represents fruits of succession property which is to be restored under article 1515 of the Civil Code. The cases cited by appellant as supporting his opposing arguments are not applicable as they do not refer to rights explicitly provided for in the substantive law.
A final question involves the amount awarded by the district court. As stated before the only revenue on record before the court is $13,301.64, the interest paid on the homestead accounts until July 1, 1966. The district court decreed Mrs. Prieto the owner of $8,867.43 or one-third of twice the reported income on the basis of a finding that the interest accruing to the homestead accounts constitutes approximately one-half of the income of the entire succession.
We do not agree with the reasoning of this judgment and refer once again to the codal provisions for the restoration of fruits as found in article 1515. The reduction of excessive donations requires that the donee restore the fruits of what exceeds the disposable portion. Therefore, the property which is reduced to form the legitime must be further examined to determine if there are fruits belonging to this property which must be restored to the legal heir.
In accordance with judgment of the Supreme Court ordering a reduction to be made from all legacies save those of certain objects, a final account was filed and approved in all respects except for the revenues which are herein contested. This final account shows that the donations which were reduced to form the legitime are exclusively made up of revenue producing property and therefore these revenues or fruits are subject to restoration under the terms of article 1515 of the Civil Code. The legitime then is made up entirely of revenue bearing property and the fruits produced by this property belonging to the legitime must then be restored as determined in the following manner. Since the legitime is fixed at $35,717.-74 and the homestead accounts were valued at $60,052.18 by the Supreme Court, then our calculations reveal that the legitime represents 59.48%, of the total homestead stock. Taking this percentage, 59.48%, of the revenues as of July 1, 1966 ($13,301.64), we arrive at the conclusion that $7,911.82 should be restored to the forced heir from the revenues accounted for on that date. Thus, the forced heir shall be decreed the owner of $7,911.82 together with whatever interest this sum may have earned from July 1, 1966 until paid.
Judgment of district court is therefore amended in accordance with the reasons hereinbefore stated with all costs of this appeal charged to executrix, and as amended is affirmed.
Amended, and as amended affirmed.