218 So.2d 607

**Succession of Thomas Charles MULQUEENY.**

**Nos. 49163, 49172.**

Jan. 20, 1969.

Rehearing Denied Feb. 24, 1969.

George E. Konrad, Harry Nowalsky, New Orleans, for applicant Miss Anna Elizabeth Early.

René R. Nicaud and A. E. Blackmar, New Orleans, for respondent Mrs. Mary Elizabeth Prieto.

René R. Nicaud and A. Blackmar, New Orleans, for applicant Mrs. Mary Elizabeth Prieto.

George E. Konrad and Harry Nowalsky, New Orleans, for respondent Miss Anna Elizabeth Early.

BARHAM, Judge.

We granted certiorari on the applications of both parties (a forced heir and the executrix, who is also the principal legatee, of the Succession of Thomas Charles Mulqueeny) to review a judgment of the Court of Appeal. The district court recognized the right of the forced heir, Mrs. Mary Elizabeth Mulqueeny Prieto, to interest or fruits and revenues on her legitime from the date of the decedent's death until delivery of the legitime. The Court of Appeal affirmed, but amended the calculation of interest. 207 So.2d 216.

The executrix, Mrs. Anna Elizabeth Early, filed a final account and tableau of distribution in compliance with earlier proceedings in this succession and disposed of the succession property, but she retained the revenues earned on homestead accounts, this interest to be ultimately distributed to herself as legatee of those accounts.

■ The forced heir, who filed an opposition to the final account, is claiming 70 per cent of the accrued interest on the homestead accounts as the fruits and revenues of her legitime. The executrix-legatee opposes this claim and contends that a computation of the value of the estate includes only the property owned by the testator at the time of his death, and that the legitime is calculated and becomes fixed as of that moment. While this contention is a correct statement of the law (see La.Civ.Code Art. 1505), it fails to

meet the issue now before this court. We are concerned with the disposition of the interest earned on the legitime while on deposit in the homestead accounts [1] after the death of the testator.

■ Civil Code Article 1515, which we hold to be applicable to donations both inter vivos and mortis causa, requires the donee to restore to the forced heir the fruits of that which exceeds the disposable portion from the date of the donor's death until delivery if demand is made within one year. Since the forced heir here has made demand within the year, not only was her legitime to be delivered but the fruits on that legitime from the moment of death until delivery must be restored.

■ It is a further contention of the executrix that the forced heir did not pray for interest when she made demand for her legitime, and that therefore the fruits

1. In Succession of Mulqueeny, 248 La. 659, 181 So.2d 384, this court ordered the cash legacies to the three Blackmar sisters to be paid from certain homestead accounts which had been bequeathed to Mrs. Early, the executrix; recognized the right of the forced heir, Mrs. Prieto, who had not been mentioned in the testament; and ordered that " * * * all legacies, save those of certain objects, must be reduced pro rata to pay the debts and satisfy the legitime". This court declared the homestead accounts to be the only bequests not of "certain objects". Clearly the court required the legitime to be satisfied from the homestead accounts. The executrix argues alternatively that the legitime did not attach to any particular portion of the estate, and that if fruits and revenues are due the forced heir, they should be calculated on the actual income from all of the various assets of the estate. Even if there is merit in this contention, it comes too late since the assignment of the legitime to the homestead accounts in the previous opinion is now the law of the case. Mrs. Prieto's one-third interest in the entire succession was thereby assigned to, and was to be paid from, the homestead accounts. In July, 1966, the executrix paid the personal debts of the deceased and the succession charges, and delivered the legitime and the reduced legacies. Interest in the amount of $13,301.64 had accrued on the homestead accounts during the four years the funds had remained in these accounts after the death of the testator.

and revenues on the legitime, which happen to be "interest" in this case, cannot be awarded. The Court of Appeal correctly refuted this contention, determining that the restoration of fruits is necessarily provided for by law in the demand of reduction. C.C.P. Art. 1921.

The forced heir contends that the Court of Appeal erred in its calculation of the interest. That court arrived at the interest due the forced heir by calculating the interest earned on $35,717.74, the amount actually received by the forced heir as her legitime. The legitime prior to the payment of the succession debts was $42,084.-38.[2] The distribution of the legitime and the legacies and the payment of succession debts were delayed for more than four years, during which time the entirety of the homestead accounts, in the amount of $60,052.18, earned interest of $13,301.64. Therefore the forced heir's full one-third portion before deductions ($42,084.38) actually earned fruits or interest, and it is the interest calculated on that amount which must be paid to the forced heir. To hold otherwise would allow the executrix who is also a particular legatee to unjustly enrich herself by her delay in filing the final account and paying legacies and debts.

■ The Court of Appeal therefore erred in calculating that the forced heir was entitled to $\frac{\$35,717.74}{60,052.18}$, or 59.48 per cent of the accrued interest. The calculation should have been $\frac{\$42,084.38}{60,052.18}$, or 70.08 per cent of $13,301.64 (accrued interest to July 1, 1966), which would amount to slightly more than the $9311.15 which she claims.

■ The Court of Appeal ordered interest to be paid on the amount awarded as the fruits and revenues of the legitime; but legal interest was not prayed for, and the interest awarded is not provided by law. Therefore the award of interest from July 1, 1966, until paid is error.

Accordingly the judgment of the Court of Appeal is amended so as to award the forced heir $9311.15 instead of $7911.82, is reversed insofar as it awarded interest on the amount ordered paid to the forced heir, and in all other respects is affirmed. Costs in this court are to be paid by the executrix-legatee.

2. Decedent's estate was valued at $126,-253.13. The one-third legitime amounted to $42,084.38, and the succession debts consisting primarily of attorney's fees and administration costs amounted to $19,-511.36. After the prorating of debts the forced heir received $35,717.74.