**HUMPHREY et al. v. MILLARD.**

**No. 481.**

Circuit Court of Appeals, Second Circuit.

July 22, 1935.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., of counsel), for appellants.

Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y. (Lewis Clinton, of Rochester, N. Y., of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

George N. Crosby, a resident of Rochester, N. Y., died testate on October 23, 1923. His will was duly admitted to probate and allowed. By its terms his widow took a life estate of all the income together with so much of the corpus as might be needed for her support. The residue was devised and bequeathed in equal shares to two named institutions of the character which made devises and bequests to them deductible from the gross estate of the testator by virtue of section 403 (a) (3) of the Revenue Act of 1921 (42 Stat. 279) for the purpose of computing the federal estate tax. The taxable estate was determined by deducting such bequests from the gross and the resulting tax was paid. A deficiency was then determined to the amount of such deductions on which the additional tax was paid. For such additional tax a claim for refund was filed, and, after it was rejected, this suit was brought.

That part of the defense pleaded which was based upon the claim that possible invasion by the widow of the corpus was enough to make the residuary bequests too indefinite to be deductible has been abandoned in view of the decision in Ithaca Trust Co. v. United States, 279 U. S. 151, 49 S. Ct. 291, 73 L. Ed. 647.

The question which remains relates to the effect to be given section 17 of the Decedent Estate Law of New York (Consol. Laws, c. 13) which provided that:

"No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more."

This statute has been construed by the New York courts to mean that only persons directly to be benefited may take advantage of it, and that devises and bequests exceeding one-half of the testator's estate are not void, but voidable. Trustees of Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305; Matter of De Lamar's Estate, 203 App. Div. 638, 197

N. Y. S. 301. In this instance the widow, who was apparently the only person to be benefited by the statute, did expressly waive all her rights thereunder. Even so, the defendants insist that, as the waiver was after the testator's death, it is of no moment, for the reason that deductibility must be determined from what is known as of the date of death (see United States v. Provident Trust Co., 291 U. S. 272, 54 S. Ct. 389, 78 L. Ed. 793), at which time the rights of the widow in the residuary estate, except as to one-half, make that too uncertain to be deductible as a whole (see Humes v. United States, 276 U. S. 487, 48 S. Ct. 347, 72 L. Ed. 667).

But here no uncertainty existed at the time Mr. Crosby died which was inherent in the language of his will. But for the New York statute above quoted, the provisions of the will disposing of the residuary estate were definite enough. Ithaca Trust Co. v. United States, supra; Hartford-Connecticut Trust Co. v. Eaton (C. C. A.) 36 F.(2d) 710. Until and unless the widow exercised her statutory right to defeat partially the tax-exempt testamentary disposition of the residuary estate which her husband had made, his will was effective as to all of it. This right was in the nature of a power which could be renounced. Her waiver of it was unnecessary to make the will valid. Matter of De Lamar's Estate, supra. It was but the termination of a possibility that the valid will would not continue to apply to a portion of the estate to which it did apply at the instant of death and thereafter, and was of importance in the proceedings for the probate of the will in the Surrogate's Court. While it cannot be said that there was no uncertainty as to the amount of the charitable bequests at the time the testator died, however unreal subsequent events have proved that uncertainty to have been, that related only to the validity of the will as an instrument for the transfer of one-half of the residuary estate. When the will was proved and allowed in the Surrogate's Court, it was for the first time judicially determined to be the effective will of the testator in all respects as written. This was not only a decision binding upon the defendants that the will was valid, but that it disposed of the residuary estate as of the date of the death of the testator in a manner exempt from federal estate taxation under section 403 (a) (3) of the Revenue Act 1921. It may be said that more or less uncertainty exists as to the validity of any will until it is proved and allowed. But, when it is finally allowed by a court having jurisdiction, all such uncertainty, whatever may have been its degree, is dispelled for all purposes and that as of the instant of the death of the testator. So the uncertainty relied on by the defendants is not the kind which is material to the issue here.

Judgment affirmed.