T.C. Memo. 1998-428


UNITED STATES TAX COURT


ESTATE OF MARIE S. HUBBERD, DECEASED, JOHN B.
McNAMARA, JR., AND CLAYBORNE L. NETTLESHIP,
CO-INDEPENDENT EXECUTORS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1941-98.                    Filed December 7, 1998.


Kevin P. Kennedy, for petitioner.

Deborah H. Delgado, for respondent.


MEMORANDUM OPINION


ARMEN, Special Trial Judge:  This matter is before the Court

on petitioner's Motion for Partial Summary Judgment.  The issue

for decision is whether a transfer made prior to the decedent's

death, if deemed to be a voidable transfer, would be includable in the gross estate for purposes of the Federal estate tax.[1]  As explained in greater detail below, we shall deny petitioner's Motion for Partial Summary Judgment.

Background[2]

Marie S. Hubberd (decedent) owned a 1-percent general partner interest and 89-percent limited partner interest in a partnership known as Chapote Y Las Joberas, Ltd. (Chapote). Between 1989 and 1993, decedent's agent and attorney in fact, Blackstone Dilworth, Jr. (Dilworth) transferred decedent's 89-percent limited partnership interest in Chapote.  In particular, during 1989 through 1993, Dilworth sold varying percentages of decedent's limited partnership interest in Chapote to six trusts and made gifts of partnership interests valued at $10,000 each to Corinda C. Mueller, Kay S. Nettleship, Nancy W. McNamara, Dorothy W. Abott, Anne C. Callahan, decedent's nieces, and Dan I. Smith, decedent's nephew.  Decedent's nieces and nephew are identified in decedent's last will and testament as the sole beneficiaries of the residue of decedent's estate.

---

[1] All section references are to the Internal Revenue Code in effect at the time of the decedent's death.  Except as otherwise provided, all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The following is a summary of the relevant facts that do not appear to be in dispute.  They are stated solely for the purpose of deciding the pending motion, and they are not findings of fact for this case.  See Fed. R. Civ. P. 52(a); Rule 1(a).

Petitioner concedes, solely for purposes of this motion, that the transfers that Dilworth made with respect to decedent's Chapote limited partnership interest constitute voidable transfers.

Prior to decedent's death, neither decedent nor Dilworth (on behalf of decedent) took any action to avoid the transfer of decedent's limited partnership interest.

Decedent died testate on February 9, 1994, in Bexar County, Texas. Pursuant to the terms of decedent's last will and testament, which was admitted to probate in the probate court of Bexar County, Texas, Dilworth was appointed independent executor of decedent's estate. However, Dilworth subsequently resigned as independent executor and John B. McNamara, Jr. (McNamara) and Clayborne L. Nettleship (Nettleship) were appointed successor independent executors of decedent's estate.

Subsequent to decedent's death, neither Dilworth, McNamara, nor Nettleship has taken any action to avoid the transfer of decedent's Chapote limited partnership interest. Further, petitioner's Motion for Partial Summary Judgement includes as attachments affidavits executed by Corinda C. Mueller, Kay S. Nettleship, Nancy W. McNamara, Dorothy W. Abott, Anne C. Callahan, and Dan I. Smith that state in pertinent part:

> As a beneficiary under the last will and testament of Marie S. Hubberd, I do not desire and have never desired that any action be taken to avoid the sale of partnership interests.

Respondent issued a notice of deficiency to decedent's estate determining a deficiency in Federal estate tax in the amount of $6,084,194. A portion of the deficiency is attributable to respondent's determination that petitioner understated the value of the gross estate by $8,646,350; i.e., the value that respondent assigned to decedent's Chapote limited partnership interest. The notice of deficiency states in pertinent part:

> It is determined that the decedent had a legally enforceable claim to the ownership of an 89% limited partnership interest in Chapote Y Las Joberas, Ltd. The purported transfer of this interest by Blackstone Dilworth as fiduciary for the decedent was voidable. It is also determined that the fair market value of this interest is $8,646,350. However, the estate is being credited for $180,000 of authorized gifts in 1990, 1991 and 1992 and $4,089,757 for consideration received for partnership interests purportedly sold. Accordingly, the taxable estate is increased by $4,376,593.

Petitioner invoked the Court's jurisdiction by filing a timely petition for redetermination.

Petitioner moves for partial summary judgment that the value of decedent's Chapote limited partnership interest is not includable in the gross estate, notwithstanding that Dilworth's transfers of the limited partnership interest are conceded to be voidable transfers for the purposes of the motion. Petitioner contends that, under Texas law, a voidable transfer remains valid and vests title in the transferee until the transfer is successfully avoided. Relying upon this principle, petitioner

reasons that, because the disputed transfers have not been avoided, the value of decedent's limited partnership interest is not includable in the gross estate.  Petitioner further asserts that its position finds support in the Court's opinions in Longue Vue Found. v. Commissioner, 90 T.C. 150 (1988), and Estate of Varick v. Commissioner, 10 T.C. 318 (1948).

Respondent filed an objection to petitioner's motion. Respondent contends that if the transfer of decedent's Chapote limited partnership interest was voidable, the value of that interest is includable in the gross estate pursuant to section 2033, which provides that the value of the gross estate includes the value of all property to the extent that the decedent has an interest in such property at the time of his or her death.  In the alternative, respondent contends that voidable transfers are includable in the gross estate pursuant to section 2038, which governs revocable transfers.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

The Federal estate tax imposes a tax on the transfer of the taxable estate of every decedent who is a citizen or resident of the United States.  Sec. 2001; United States Trust Co. v. Helvering, 307 U.S. 57, 60 (1939).  Section 2051 defines the taxable estate as the gross estate less deductions.  Section 2031 provides that the gross estate generally comprises all of the decedent's property, real or personal, tangible or intangible, wherever situated.

Section 2033 states in very broad terms:  "The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death."  For property to be included in the gross estate pursuant to section 2033, the decedent must have a beneficial interest in the property.  Sec. 20.2033-1(a), Estate Tax Regs.  Thus, the

question presented by petitioner's motion is whether, at the time of her death, decedent possessed a beneficial interest in the property transferred by Dilworth, assuming for present purposes that the transfers were voidable.

In <u>Morgan v. Commissioner</u>, 309 U.S. 78, 80 (1940), the Supreme Court stated:

> State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed. * * *

Relying on these principles, petitioner contends that the value of decedent's Chapote limited partnership interest is not includable in the value of decedent's gross estate on the ground that, under Texas law, a voidable transfer vests title in the transferee until successfully avoided. In short, petitioner contends that section 2033 is not applicable insofar as the disputed transfers were effective to vest legal title in the transferees.

Petitioner's focus on the transferees' legal title to the disputed property is misplaced. To the contrary, the question posed under section 2033 is whether the decedent, at the time of her death, possessed a beneficial interest in the property. If the transfers in question constituted voidable transfers, we are satisfied that the decedent possessed a beneficial interest in the property; i.e., the right to avoid the transfers and regain legal title to the property, within the meaning of section 2033.

Section 2033 aside, and again assuming that these were voidable transfers, we are equally convinced that the value of decedent's Chapote limited partnership interest would be includable in the gross estate pursuant to section 2038(a)(1). Section 2038(a)(1) provides in pertinent part:

> (a) In General.--The value of the gross estate shall include the value of all property--
>
> (1) Transfers after June 22, 1936.--To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power (in whatever capacity exercisable) by the decedent alone or by the decedent in conjunction with any other person * * * to alter, amend, revoke, or terminate, or where any such power is relinquished during the 3-year period ending on the date of the decedent's death.

In sum, the value of the gross estate includes the value of any interest transferred by the decedent, the enjoyment of which is subject to change by virtue of the decedent's retention of the power to alter, amend, revoke, or terminate, or where such power is relinquished during the 3-year period ending with the decedent's death.

If Dilworth's transfers of the decedent's Chapote limited partnership interest constituted voidable transfers, the value of the property would be includable in decedent's gross estate pursuant to section 2038. See, e.g., Estate of Casey v. Commissioner, 948 F.2d 895 (4th Cir. 1991), revg. on other

grounds T.C. Memo. 1989-511 (voidable transfers are includable in the gross estate pursuant to section 2038). Simply stated, the transferees' enjoyment of the property in question would be subject, at the date of decedent's death, to revocation or termination through the exercise of a power by the decedent within the meaning of section 2038(a)(1).[3]

We further reject petitioner's contention that, for purposes of section 2033 or section 2038, the voidable nature of a transfer is ignored until the transfer is successfully avoided. Petitioner relies upon Longue Vue Found. v. Commissioner, 90 T.C. 150 (1988), and Estate of Varrick v. Commissioner, 10 T.C. 318 (1948), two cases involving voidable charitable transfers. However, those cases stand for the narrow proposition that a charitable gift that is voidable by the decedent's heirs, but that is not avoided, "is not regarded as creating a contingency that fails the 'so remote as to be negligible' test of the regulations under section 2055." Longue Vue Found. v. Commissioner, supra at 159. Because the instant motion concerns the question whether voidable transfers to the natural objects of the decedent's bounty are includable in the gross estate, as

---

[3] Consistent with our reasoning that the disputed transfers, if voidable, would be includable in the gross estate pursuant to sec. 2033 and/or sec. 2038, petitioner's assertion that the disputed transfers are now final because any suit to avoid the disputed transfers would be barred by the statute of limitations is irrelevant.

opposed to whether the estate is entitled to a charitable deduction, the cases relied upon by petitioner are inapposite.

Consistent with the preceding discussion, petitioner's Motion for Partial Summary Judgment will be denied.

To reflect the foregoing,

An order will be issued denying petitioner's Motion for Partial Summary Judgment.